eral application and usage, I think, they describe different vocations. By "tradesman" is usually meant a shopkeeper. Such is the definition given the word in Burrill's Law Dictionary. It is used in this sense by Adam Smith. He says (Wealth of Nations): "A tradesman in London is obliged to hire a whole house in that part of the town where his customers live. His shop is on the ground floor," etc., etc. Dr. Johnson gives it the same meaning, and quotes Prior and Goldsmith as authorities. It was held by Bell, J., in 4 Pa. St. 472, to mean, in the United States, a mechanic or artificer whose livelihood depends on the labor of his hands; or, in a more enlarged sense, any person engaged in mechanical pursuits or employments; but the English definition seems to be more accurate even in this country. The bankrupt, however, does not come within either ·of these descriptions of a tradesman; and, for this reason, I think that section 5110 does not apply to him. I find, therefore, on the whole that the specifications ought to be dismissed.

GRESHAM, District Judge. The ruling of Mr. Register Butler is approved, and the clerk will make the proper entry.

## Case No. 12,124.

In re RUHL.

[5 Sawy. 186.] [1]

District Court, D. Nevada. May 15, 1878.

PARDON — CONDITIONAL ON PAYMENT OF FINE — POOR CONVICT.

One Ruhl was sentenced to six months imprisonment, to pay a fine and costs and stand committed until they were paid; he was pardoned on condition that he pay the fine and costs: *Held*, that he was not entitled to his discharge as a poor convict under section 1042 of the Revised Statutes, until he paid the fine and costs or had been in jail six months and thirty days.

This is an application on the part of Manuel Ruhl for his discharge from custody, upon habeas corpus. The facts are that at the last term of this court he was convicted of a violation of the revenue laws, and sentenced to be imprisoned six months and pay a fine of one hundred dollars and costs, and stand committed until such fine and costs were paid. On April 11, the president granted Ruhl "a full pardon on condition that he shall first pay the fine and costs aforesaid." The petitioner having remained in jail thirty days after the granting of this pardon, and not having paid the fine and costs, applied to T. J. Edwards, United States com-

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

missioner, under section 1042 of the Revised Statutes, for a discharge as a poor convict. The commissioner refused a certificate on the ground that, the pardon being conditional and the condition not having been performed, the sentence of imprisonment was still in force.

Wells & Stewart, for petitioner.
C. S. Varian, U. S. Atty., opposed.

HILLYER, District Judge. The petitioner's counsel contend that upon the facts of this case the prisoner Ruhl is entitled to his discharge under section 1042 of the Revised Statutes. That section declares that "when a poor convict sentenced by any court of the United States to pay a fine or fine and costs, whether with or without imprisonment has been confined in prison thirty days solely for the non-payment of such fine or fine and costs" he may make application, etc.

The argument of counsel is, that since the pardon is conditional upon the payment of the fine and costs, and Ruhl would be entitled to his liberty if he paid them, it follows that he is confined, in the language of the law, "solely for the non-payment of such fine and costs." This is specious, but not sound. For, while it is true that if Ruhl could now pay the fine and costs he would be entitled to his discharge by virtue of the pardon, it is not true that while the fine and costs remain unpaid he is confined solely for the non-payment thereof. The sentence of imprisonment is still in force.

The president may annex a lawful condition to a pardon either precedent or subsequent. Ex parte Wells, 18 How. [59 U. S.] 307. It rests upon the grantee to perform the condition; if the condition is not performed, the original sentence remains in full force and may be carried into effect. Id.; Flavell's Case, 8 Watts & S. 197. If the condition is precedent, the operation of the pardon is postponed until the condition is performed; if subsequent, the pardon goes into effect immediately, yet becomes void whenever the condition is broken. 1 Bish. Cr. Law, § 760.

The condition in this case is precedent, and until the fine and costs are paid the sentence, as well for the imprisonment as the fine and costs, remains in full force. The pardon is wholly inoperative until the fine and costs are paid, because that is the condition precedent to its becoming operative. Unless, therefore, the fine and costs are sooner paid the prisoner will not be entitled to his discharge, under section 1042, until he has served out the entire six months imprisonment and in addition thirty days for non-payment of his fine and costs.

Prisoner remanded.