### WONG v. VOGEL.

United States District Court
E. D. Kentucky, at Lexington.
Nov. 3, 1948.

724

George Wong, pro se.

Claude P. Stephens, U. S. Atty., of Lexington, Ky., for respondent.

FORD, Chief Judge.

George Wong, an inmate of the United States Public Health Service Hospital, Lexington, Kentucky, has tendered his petition for a writ of habeas corpus with his affidavit showing that he is without funds to pay the costs of the proceeding. He seeks to have the petition filed in forma pauperis.

The grounds upon which the petitioner asserts the right to the relief sought are set out in his petition as follows:

"Comes the plaintiff and states that he is being held illegally and against his will by the defendant.

"Plaintiff states that time is of the essence in this case and for the court to suspend the writ of habeas corpus and refer him to the court of original jurisdiction would defeat the purpose of the guarantees in the Constitution, which say that said writ shall be suspended only in time of war or rebellion or when the safety of the person demanding it is in danger and that none of these causes exist at this time.

"Plaintiff states that he is being held a prisoner here on default of a debt of $500.00 to a municipal court of this land, that he has been denied the right to bankruptcy or pauper's oath to discharge this debt."

Attached to the petition are exhibits from which it appears that on July 30, 1947, the petitioner was convicted in the Municipal Court of the District of Columbia for the violation of a local statute, 52 Stat. 785, D.C.Code 1940, § 33—401 et seq. He was sentenced to imprisonment for a term of 365 days and to pay a fine in the sum of $500. It further appears that, pursuant to a provision of the District of Columbia Code, the judgment provides that upon failure to pay the fine he be committed to imprisonment for an additional 365 days. Petitioner is now confined under the provisions of the judgment providing for his imprisonment on account of his failure to pay the fine.

Section 2255 of Title 28 of the United States Code, which became effective September 1, 1948, provides a simple and expeditious remedy for correcting erroneous sentences. It authorizes a prisoner to move the court which imposed the sentence to vacate or correct it. It further provides that an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for such relief shall not be entertained if it appears that the applicant has failed to apply for relief to the court which sentenced him. Obviously, the petitioner anticipates that this statute precludes his maintenance of this proceeding in this court and, to forestall being relegated to the court which sentenced him, he asserts, in substance, that such procedure amounts to a suspension of the privilege of the writ of habeas corpus in violation of Section IX, art. I of the Constitution of the United States. The statute does not suspend the privilege of the writ of habeas corpus. It merely prescribes a mode of remedial procedure in the court of original jurisdiction prerequisite to maintenance of a habeas corpus proceeding. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. Petitioner's contention in this respect is clearly without merit and affords no basis for his maintenance of habeas corpus proceeding in this court on the ground that the sentence imposed upon him is contrary to the laws of the United States, if he has failed to apply for relief to the court which sentenced him and fails to allege any facts sufficient to make it appear that such procedure in the court which imposed the sentence would be inadequate or ineffective to test the legality of his detention.

As an additional basis for his claim that he is illegally imprisoned, petitioner alleges in substance that he has been denied the benefit of the Statute which provides for the discharge of indigent convicts who, under sentence of a court of the United States, are imprisoned solely for the nonpayment of a fine. 18 U.S.C.A. § 3569.

Without discussing or considering the rulings of the Court of Appeals of the District of Columbia in United States v. Mills, 11 App.D.C. 500, and Green v. Peak, 62 App.D.C. 176, 65 F.2d 809, 811, to the effect that section 641 of Title 18 of the United States Code [now 18 U.S.C.A. § 3569], does not apply to sentences imposed by the Municipal Court of the District of Columbia for the violation of local statutes, it seems sufficient to point out that the petitioner fails to allege that he has made application for or otherwise sought relief under the Indigent Convict Statute. The statute provides: "When a poor convict, sentenced by any court of the United States to be imprisoned and pay a fine, or fine and costs, or to pay a fine, has been confined in prison thirty days, solely for the nonpayment of such fine, or fine and costs, such convict may make application in writing to the nearest commissioner of the United States court in the district where he is imprisoned or, if confined in a Federal penal institution, to the warden of such institution, setting forth his inability to pay such fine, or fine and costs, and after notice to the district attorney of the United States, who may appear, offer evidence, and be heard, the commissioner or the warden as the examining authority to whom such application is addressed shall by an appropriate administrative proceeding inquire into the matter. If on examination it shall appear to the examining authority that such convict is unable to pay such fine, or fine and costs, and that he has not any property exceeding $20 in value, except such as is by law exempt from being taken on execution for debt, the examining authority shall administer to him the following oath: 'I do solemnly swear that I have not any property, real or personal, to the amount of $20, except such as is by law exempt from being taken on civil process for debt by the laws of (naming the State where oath is administered); and that I have no property in any way conveyed or concealed, or in any way disposed of, for my future use or benefit. So help me God.' Upon taking such oath such convict shall be discharged; and the examining authority shall file with the institution in which the convict is confined a certificate setting forth the facts. Any such convict to whom the warden shall fail or refuse to administer the oath may apply to the nearest commissioner for the administration of the oath upon a proceeding de novo as above provided, and upon taking such oath shall be discharged. * * *"

Until the petitioner has first sought relief in the manner prescribed by the statute, a proceeding for his discharge under a writ of habeas corpus is clearly premature.

For the reasons indicated, the prisoner is denied leave to file his petition in forma pauperis.