## ROY ALDRICH

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS. ·

*Opinion filed February 21, 1907.*

1. RECEIVING STOLEN PROPERTY—*ownership of property is an essential averment.* The ownership of the property is an essential averment in an indictment for receiving stolen property, and such ownership must be proved as laid.

2. SAME—*proof of individual ownership does not sustain allegation of corporate ownership.* A conviction for receiving stolen property alleged in the indictment to be the property of "Albert A. Newman, the same being a corporation organized and incorporated under and by virtue of the laws of the State of ........," is not authorized by proof of the ownership of the property in Albert A. Newman, an individual.

3. CRIMINAL LAW—*indictment, as a pleading, cannot be aided by extrinsic evidence.* An indictment, as a pleading, cannot be aided by extrinsic evidence showing that the averment that stolen property was the property of a corporation was a mere clerical error, resulting from the failure to strike out a clause in the printed form of indictment.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

ROBERT E. CANTWELL, HENRY ROTH, and CHARLES P. R. MACAULAY, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN J. HEALY, State's Attorney, and JOHN R. NEWCOMER, (HOWARD O. SPROGLE, of counsel,) for the People.

· Mr. JUSTICE FARMER delivered the opinion of the court:

: Plaintiff in error was tried under an indictment containing two counts. The first count charged him with the larceny of five clocks, the property of Albert A. Newman. The second count charged him with receiving and concealing five clocks, the property of "Albert A. Newman, the

same being a corporation organized and incorporated under and by virtue of the laws of the State of ........," knowing at the time said property had been stolen. The jury found him guilty of receiving stolen property as charged in the indictment and found the value of the property to be $235. The court overruled motions for a new trial and in arrest of judgment and rendered judgment on the verdict, sentencing plaintiff in error to an indeterminate term in the penitentiary.

It appears from the evidence that Albert A. Newman was doing business in the Masonic Temple, in the city of Chicago, and desiring to ship the clocks by express to a customer or customers, displayed from his place of business a call for the United States Express Company. Soon after two men called at Newman's place of business, and, representing to his employees that they were employees of the express company, the clocks were delivered to them. Some weeks later they were found in the possession of the plaintiff in error, and his arrest and indictment followed.

Numerous errors are assigned and argued for a reversal of this case. Most of them are without merit, but there is one error which must result in a reversal of the judgment. The second count of the indictment,—the one under which the conviction was had,—charged that the stolen property was the goods of Albert A. Newman, a corporation. The proof showed it was the property of Albert A. Newman, an individual. The ownership of the property was a necessary averment in the indictment, and such ownership must be proved as laid. (Wharton on Crim. Ev.—8th ed.—sec. 102a; 1 Bishop on Crim. Proc. secs. 488b, 677.) In *Willis v. People*, 1 Scam. 399, it was held that in indictments for offenses against persons or property the name of the party injured must be stated, if known; that the name so stated must be the real name of the party so injured or the one by which he is usually known. It was there said the necessity for so doing is essential, so as to enable the party to plead

either a formal acquittal or conviction in case of a second prosecution for the same offense. In *Sykes* v. *People,* 132 Ill. 32, it was said (p. 48) : "In all criminal prosecutions, an error in the name of the prosecutor or of a third party, when his name is material, is fatal. (Wharton on Crim. Ev. sec. 94.) When, therefore, a corporation is the prosecutor, or is the party so affected by the crime charged that its name becomes material to a proper statement of the offense in the indictment, its name must be correctly given and proved as alleged, and a variance between the allegation and proof will defeat the prosecution.—Id. sec. 102*a*." In that case the court quoted with approval from *McGary* v. *People,* 45 N. Y. 153 : "No allegation which is descriptive of the identity of that which is essential to the charge in the indictment can be rejected, and the name of the person in whom the property which is the subject of the charge is laid or on whom the offense is stated to have been committed must be proved according to the indictment."

Counsel for defendant in error do not contend that the ownership of the property was not a material averment. They say in the preparation of the indictment a blank form was used, in which, after the blank left for the name of the owner, there was printed, "the same being a corporation organized and incorporated under and by virtue of the laws of the State of .........." In the first count a pen was drawn through the printed clause, but the same was not done with that clause of the second count. It is insisted that this was a mere clerical error, not going to the merits of the case, and that it is manifest the same person was intended to be named as owner in both counts. The indictment, as a pleading, cannot be aided by extraneous circumstances or explanation. Finding defendant guilty under the second count was, in effect, finding him not guilty under the first count. The count under which the conviction was had alleged the owner of the stolen property was a corporation, whereas the proof showed the owner to be an individual. Under the

authorities above cited, and many more that will be found to the same effect, this was a material variance, and the trial court erred in overruling the motion for a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*