Submitted on briefs May 5, affirmed May 25, 1915.

# STATE v. ALEXANDER.*

(148 Pac. 1136.)

**False Pretenses—Defenses—Illegality of Transaction—Sale of Land by Indian—Statutes.**

1. Under Section 1964, L. O. L., denouncing the crime of obtaining money by false pretenses, the defendants, a mixed-blood Indian woman and her husband, were indicted for having represented to the prosecuting witness that the woman was owner of 160 acres of land, which land was an allotment by the United States Department of the Interior to one D., an Indian, from whom the woman claimed as heir, and that she was authorized to lease such land without interference from the superintendent in charge of an Indian reservation or the Department of the Interior. *Held*, that a demurrer to the indictment was properly sustained; the prosecuting witness, in attempting to obtain the lands having violated act of Congress of February 8, 1887, c. 119, 24 Stat. 389 (U. S. Comp. Stats. 1913, § 4201), Section 5, providing that any contract touching land set apart and allotted to an Indian before the expiration of 25 years shall be void, while the statute relative to obtaining money by false pretenses is to protect only innocent persons, not those in any degree *particeps criminis* with the defendant.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.  Statement by MR. JUSTICE EAKIN.

This is a criminal prosecution, under Section 1964, L. O. L., for obtaining money under false pretenses, the proof of which is controlled by Section 1541, L. O. L.  The defendant Laura V. Alexander is a mixed-blood Indian woman, and her husband, H. H. Alexander, a white man.  The charge in the indictment is that by certain fraudulent pretenses Laura V. Alexander represented that she was the owner of 160 acres of land, which is described in the indictment, said land being an allotment by the United States Department of the Interior to Joe Depot, from whom Laura V. Alexander claims as heir; that she was authorized and

*As to illegal purpose of prosecutor as affecting guilt of obtaining property by false pretenses, see notes in 17 L. R. A. (N. S.) 276 and 39 L. R. A. (N. S.) 423.          REPORTER.

empowered to make a contract in regard to the leasing of said land without the consent of or interference from the superintendent in charge of the Umatilla Indian reservation or the Department of the Interior of the United States. This much of the statement carries with it the inference that the prosecuting witness knew that she only had a right to contract in regard to the land with the consent or control of the superintendent of the reservation or from the Department of the Interior. It is further alleged that the prosecuting witness paid to the defendant Laura V. Alexander $1,150 for the said lease. There is first a question raised as to the sufficiency of the indictment, but we will pass that over and go directly to the question of the right of the prosecuting witness to initiate this action against the defendant. Submitted on briefs without arguments under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For the State there was a brief over the names of *Mr. Frederick Steiwer,* District Attorney, and *Messrs. Fee & Fee.*

For respondents there was a brief submitted by *Mr. Homer I. Watts.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The control of the Indians, not only of their persons, but their property and lands, is reposed by act of Congress in the Interior Department, so that an allottee under the law cannot make a contract in relation thereto without the consent and approval of the Interior Department, or of the agent at the reser-

vation.   The indictment alleges that these are reserva-
tion lands claimed by the defendant Laura V. Alex-
ander as heir of said Depot.   Congress passed an
act on February 8, 1887, found in 3 Fed. Stats. Ann.
494, Section 5 of which provides, among other things:

"Upon the approval of the allotments provided for
in this act by the Secretary of the Interior, he shall
cause patents to issue therefor in the name of the
allottees, which patents shall be of legal effect, and
declare that the United States does and will hold the
land thus allotted, for the period of twenty-five years,
in trust for the sole use and benefit of the Indian to
whom such allotment shall have been made. * * And
if any conveyance shall be made of the lands set apart
and allotted as herein provided, or any contract made
touching the same, before the expiration of the time
above mentioned, such conveyance or contract shall
be absolutely null and void."

So that, with the knowledge of the facts set forth in
the indictment, the prosecuting witness, J. M. Ban-
nister, had notice of the relation of defendant Laura
V. Alexander to the reservation of these lands allotted.
Therefore he was *particeps criminis* to the effort to
obtain these lands in violation of the particular lan-
guage of the statute, which was also a violation of
the criminal law.   It is said in *People* v. *Stetson,* 4
Barb. (N. Y.) 151:

"The statute relative to obtaining money, etc., by
false tokens or pretenses was not designed to protect
any but innocent persons, nor those who appear to
have been in any degree *particeps criminis* with the
offender."

To the same effect is *State* v. *Crowley,* 41 Wis. 271
(22 Am. Rep. 719), in which Justice LYON says:

"I have not found one [case] which was held to be
within the statute in which the transaction on the part
of the person injured would not have been lawful. * *

I cannot believe the statute was designed to protect any but innocent persons, nor those who appear to have been in any degree *particeps criminis* with the defendant."

And he concludes:

"After much investigation and deliberation, we have reached the conclusion that the rule of the New York cases (*People* v. *Stetson*, 4 Barb. (N. Y.) 151), is supported by better reasons, as well as by the weight of authority, and that it is our duty to adopt it. We do so with hesitation, because able judges and courts have held a different rule, and with reluctance, because the acts of the defendants, * * as disclosed by the evidence, were outrageous and indefensible, and the perpetrators richly merit punishment. But it is far better that they should escape punishment under this information than that sound legal rules should be disregarded to meet the supposed exigencies of a particular case."

In *McCord* v. *People,* 46 N. Y. 470, it is said:

"The design of the law is to protect those who, for some honest purpose, are induced, upon false and fraudulent representations, to give credit or part with their property, and not to protect those who, for unworthy or illegal purposes, part with their goods."

The prosecuting witness in this case was seeking by an unlawful act, subjecting him to criminal prosecution, to obtain these lands from the allottee without the approval of the Interior Department or of the agent of the reservation. The case is not parallel with many cases cited by the defendant, but was simply a criminal act or representation by one who was under no disability or protection of the government. Here the Indians were expressly disqualified to make any contract in relation to these lands. The government, by the passage of that statute, sought to protect them and their lands against just such transactions as this one, and the prosecuting witness cannot say that his act

might have been prosecuted as criminal and have the defendant prosecuted for the false representations which he must have known were false. We cannot sanction his effort in an attempt to illegally obtain this land from one who is disqualified to dispose of it, and, overlooking his criminal act, punish the defendant for her part in the transaction.

The judgment of the Circuit Court is affirmed.

AFFIRMED.