---

(No. 11550.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOUIS DePAEPE, Plaintiff in Error.

*Opinion filed December 19, 1917.*

CRIMINAL LAW—*ownership of property must be proved as alleged in indictment for receiving stolen goods.* An indictment for receiving stolen property must allege the ownership of the property as an essential element of the crime, and such ownership must be proved as alleged and cannot rest upon conjecture.

WRIT OF ERROR to the City Court of Pana; the Hon. JOHN H. FORNOFF, Judge, presiding.

GRIFFITH & PHILLIPS, and McDAVID & MONROE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, HARRY B. HERSHEY, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error was sued out to review the judgment of the city court of Pana by which the plaintiff in error was convicted of knowingly receiving stolen goods for his own gain.

The judgment must be reversed for the failure to prove the ownership of the stolen goods in John W. Haworth, whom the indictment alleged to be the owner. The thief who stole the goods testified that he broke into a car at Shelbyville and stole forty-eight pairs of shoes,—thirty-six pairs of Martha E. Washington ladies' slippers and twelve pairs of Honorbuilt men's shoes,—which he delivered to the plaintiff in error. Haworth testified that he was in the shoe business at Shelbyville and ordered one dozen pairs of men's wide-toed shoes and two dozen pairs of ladies' slippers from the F. Mayer Boot and Shoe Company about April 26, 1916, and never received the shipment. He never saw the shoes and does not know that they were in the car broken into in Shelbyville. He produced an invoice purporting to be from the F. Mayer Boot and Shoe Company for forty-eight pairs, dated at Milwaukee, Wisconsin, April 26, 1916, care C. & E. I., stating "balance will follow," which invoice was erroneously received in evidence over the objection of the plaintiff in error. There was no other evidence of ownership. There was no evidence other than the invoice itself that the goods mentioned had been delivered to the railroad company, or that the shoes stolen from the car had come from the F. Mayer Boot and Shoe Company, or that the goods mentioned in the invoice were Martha E. Washington slippers or Honorbuilt shoes, or that the goods ordered by Haworth were such shoes. The identity of the shoes and their ownership rested upon conjecture and not upon proof. The ownership of the stolen property is an essential element of the crime and must be proved as averred in the indictment. *Aldrich* v. *People,* 225 Ill. 610.

The other errors argued are not of sufficient importance to require discussion.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*