The People of the State of Illinois, Defendant in Error, v. John Koscielniak, Plaintiff in Error.

Gen. No. 34,177.

Opinion filed May 26, 1930.

Louis Greenberg, for plaintiff in error.

John A. Swanson, State's Attorney, for defendant in error; Edw. E. Wilson and John Holman, Assistant State's Attorneys, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

An indictment was returned by the grand jury of Cook county charging that the defendant, John Koscielniak, fraudulently obtained $200 from Rose Dobrowski by means of the confidence game; and the second count of the indictment charged that the defendant obtained $200 from Rose Dobrowski by means of false pretenses. The false pretenses were alleged to be that the defendant falsely represented that he was a brother of the clerk of the superior court of Cook county and by reason thereof had certain influence and that he would use such influence in "fixing" a case pending against one Aloyza Dobrowski,

who was charged with larceny, and it was charged that these representations were falsely made to Rose Dobrowski for the purpose of defrauding her of $200. The defendant entered a plea of not guilty to the indictment and later on, when the cause came on for hearing in the criminal court of Cook county an order was entered on motion of the State's Attorney waiving the felony charge. The defendant then withdrew his plea of not guilty to the indictment and entered a plea of not guilty to the remaining count of the indictment, viz., the obtaining. of money by false pretenses from Rose Dobrowski. A jury was waived and the cause submitted to the court, who, after hearing the evidence, found the defendant guilty and sentenced him to 90 days in the House of Correction and imposed a fine of one dollar. The common-law record only is before us on this writ of error.

The defendant contends that the judgment is wrong and should be reversed because the statute which defendant was convicted of violating does not apply where the prosecuting witness was *"particeps criminis"* and, in support of this, the cases of *McCord v. People,* 46 N. Y. 470; *People v. Stetson,* 4 Barb. (N. Y.) 151; *State v. Crowley,* 41 Wis. 271, and *State v. Alexander,* 76 Ore. 329, 330, are cited. Paragraph 228, sec. 96, ch. 38, Cahill's Statutes 1929, provides: "Whoever, with intent to cheat or defraud another, . . . by any false pretense, . . . obtains from any person any money, personal property or other valuable thing, shall be fined in any sum not exceeding $2,000, and imprisoned not exceeding one year, and shall be sentenced to restore the property so fraudulently obtained, if it can be restored." A contention similar to the one urged here was made in the case of *Gilmore v. People,* 87 Ill. App. 128, and the court expressly refused to follow the *McCord* and *Crowley* cases, *supra.* The court there said that it was contended (p. 137) "that as Chisholm and Hileman were engaged with defend-

ants in a criminal transaction, none of them can be convicted for cheating or attempting to cheat a confederate therein.'' And continuing the court said (p. 140) : ''The rule contended for by defendants is based chiefly upon the majority opinion in *McCord v. People,* 46 N. Y. 470, and upon *State v. Crowley,* 41 Wis. 271. In the former case the rule was thus stated:

'' 'Neither the law nor public policy designs the protection of rogues in their dealings with each other, or to insure fair dealing and truthfulness, as between each other, in their dishonest practices. The design of the law is to protect those who, for some honest purpose are induced, upon false and fraudulent representations, to give credit or part with their property to another, and not to protect those who, for unworthy or illegal purposes, part with their goods.'

''We entirely approve the doctrine as applied to a civil suit between rogues for contribution or reimbursement, but we think it has no proper application to a criminal prosecution against one of several wrongdoers for a crime committed against a fellow-criminal.'' The court continues and refers to authorities from other States and also to the case of *Maxwell v. People,* 158 Ill. 248.

We approve of the rule announced in the *Gilmore* case. The crime here sought to be punished was against the People of the State of Illinois and not against an individual. In a note in 17 L. R. A. (N. S.) 276, it is said that according to the weight of authority it is no defense to a criminal prosecution to obtain money under false pretenses that the prosecuting witness himself in the very transaction of which he complains was guilty of an intent to defraud. And a great many authorities are there cited and discussed, sustaining the statement.

Nor do we think there is any merit in the contention that the misrepresentation, as alleged in the indictment, was not a representation of an existing fact.

The defendant here was charged with imposing on Rose Dobrowski with the intention of cheating and defrauding her of $200 by falsely representing to her that by reason of his political connection he could "fix" a case then pending against Aloyzy Dobrowski.

A further point is made that although the finding of the court is equivalent to a verdict of a jury, and although there was a special finding that the money was obtained from the prosecuting witness, Rose Dobrowski, by means of false pretenses, yet there was no finding that it was obtained with the intention to cheat or defraud Rose Dobrowski.

The judgment order as written up by the clerk is almost unintelligible. There is no finding that the money obtained was the money of Rose Dobrowski. This finding we think is essential. *People v. Novotny,* 305 Ill. 549; *People v. Bartosh,* 244 Ill. App. 631. In the *Novotny* case the defendant was indicted charged with obtaining money of Rapan Mananianian by means of the confidence game, but the proofs showed that the money belonged to a person of a different name. This was held fatal. The court said (p. 556): "In indictments for offenses against the persons or property of individuals the Christian and surnames of the parties injured must be stated if known, and the name stated must be either the real name of the party injured or that by which he is usually known; (*Aldrich v. People,* 225 Ill. 610; *Sykes v. People,* 132 Ill. 32; *Willis v. People,* 1 Scam. 399;) and it is essential that the name of the party injured should be proved as laid. There is no conflict of authority on this point." The judgment order states that the court, "being fully advised in the premises, doth find the said defendant guilty of obtaining $200 by false pretenses." Then follows the overruling of the motions for a new trial and in arrest of judgment and the order continues: "And now neither the said Defendant nor his Counsel

for him saying anything further why the judgment of the Court should not now be pronounced against him on the Finding of Guilty, heretofore rendered to the indictment in this cause . . . it is . . . ordered and adjudged . . . that . . . the said Defendant . . . is guilty of the said crime of false pretenses value of property $200 upon the indictment in this cause on said Finding of Guilty.'' Then follows the sentence to the House of Correction. It will therefore be seen that there is no finding that the defendant was guilty of obtaining the $200, the property of Rose Dobrowski. Nor is there any finding, as counsel for the defendant contends, that the money was obtained with intent to cheat or defraud, which we think is necessary.

For the reasons stated the judgment of the criminal court of Cook county is reversed and the cause is remanded.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.