37 P.(2d) 541

## STATE v. FOSTER.

### No. 4020.

Supreme Court of New Mexico.

Nov. 16, 1934.

C. Melvin Neal and Caswell S. Neal, both of Carlsbad, O. O. Askren, of Roswell, and Everett Grantham, of Clovis, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

WATSON, Chief Justice.

Foster, Renner, and Bond were charged jointly with the offense of obtaining money from one Bryan by false pretenses. Renner and Bond pleaded guilty and testified against Foster, who was convicted and has appealed.

Renner and Bond sold and delivered to Bryan ten cases which they represented to contain cigarettes, and obtained from him one-half of the agreed consideration of $300. The contents of the cases was cotton seed instead of cigarettes.

Appellant introduced Renner and Bond to one Moncrief, who procured one Newbill to introduce them to Bryan. Appellant testified that Renner and Bond, whom he knew, had asked him to help them find a purchaser for some cigarettes they had for sale cheap, that

he believed them, and that he had no further knowledge or connection with the transaction.

At the preliminary examination Renner had testified that appellant had nothing to do with the transaction. At the trial both he and Bond withdrew their former pleas of not guilty, entered pleas of guilty, and then proceeded, as witnesses for the state, to make Foster a party to a conspiracy to defraud.

Renner and Bond claimed that they told Bryan that the cigarettes were "hot," meaning stolen. Bryan denied this and said they told him that they had won the cigarettes "off a warehouse man's son" gambling, and that they had brought them three hundred miles to Carlsbad that it might appear that the cigarettes had been stolen, and that the insurance might be recovered.

Whether the word of Bryan be taken or that of Renner and Bond, it is plain that the former, while he himself was being defrauded, understood that he was helping to defraud either the owners or the insurers of the supposed cigarettes. This situation, counsel contend, entitled appellant to a directed verdict, on the theory that the party defrauded was a particeps criminis, for whose protection the statute was not designed nor the criminal process available. Conceding a conflict of authority, they cite State v. Alexander, 76 Or. 329, 148 P. 1136, and the cases therein reviewed.

Without questioning the correctness of the Oregon decision, we cannot follow it on our facts and under our statute. Nor are we impressed with the soundness of the somewhat old decisions there cited. We consider their

fallacy to have been exposed by Peckham, J., dissenting in McCord v. People, 46 N. Y. 470. We are well persuaded that the better reason and the great weight of authority holds appellant amenable, regardless of the fact that his victim was himself ready and willing to commit an offense. "False Pretenses," 25 C. J. § 48; 11 R. C. L. § 37; Annotation, 13 Ann. Cas. 563.

Appellant requested, and the court refused to give, this instruction: "You are instructed that evidence has been introduced in this case tending to show that the defendant in this case, Pete Renner and W. D. Bond, plead guilty under an agreement had between their attorney and the District Attorney that in consideration of such plea the District Attorney would recommend clemency to the Court. You are instructed that this fact should be taken into consideration by you in determining the weight or credibility to be given by the jury to the testimony of the said Pete Renner or W. B. Bond, they having testified in this case, after receiving such promise, against this defendant."

The court did give a strong cautionary instruction on accomplices, saying: "The jury ought not to convict on such testimony unless, after a careful examination, they are satisfied beyond a reasonable doubt of its truth and that they can safely rely upon it." He also instructed that, in weighing the testimony of Renner and Bond, the jury might take into consideration the facts that they had been charged with the offense, had pleaded guilty, and were yet to be sentenced "for the purpose of determining whether said witnesses, when on the stand, were testifying from the standpoint of self protection or with the hope of immunity, and the weight to be given to their testimony." He also gave the stock instruction to the effect that the testimony of each witness was to be scrutinized for interest in the result, fairness, or bias.

In arguing the right to the cautionary instruction requested, appellant relies on Territory v. Chavez, 8 N. M. 528, 45 P. 1107. The state questions the present authority of that decision on this point, citing State v. Poich, 34 N. M. 423, 282 P. 870.

Be that as it may, we find no error in the present instructions. The particular testimony on which the requested instruction was based was given by the attorney for Renner and Bond. He testified that the district attorney had promised him that "he would recommend clemency if they would plead guilty and turn state's evidence." But he testified also that these men had previously made statements substantially as they testified, and that, while he advised them to plead guilty, he did not communicate the promise. We think, therefore, that appellant asked too much in requesting the court to instruct "that evidence has been introduced in this case tending to show that the defendants in this case, Pete Renner and W. D. Bond, plead guilty under an agreement had between their attorney and the District Attorney that in consideration of such plea the District Attorney would recommend clemency to the court." We think that the recital by the

court more nearly than the claim of counsel represented the tendency of the evidence.

The judgment will be affirmed, and it is so ordered.

SADLER, HUDSPETH, BICKLEY and ZINN, JJ., concur.