**UNITED STATES ex rel. JOHNSTON v. CAREY, Sheriff.**

No. 8461.

Circuit Court of Appeals, Seventh Circuit.

April 17, 1944.

Rehearing Denied May 8, 1944.

A. Bradley Eben and Thomas Dodd Healy, both of Chicago, Ill., (Harold Stickler, of Chicago, Ill., of counsel), for appellant.

Thomas J. Courtney and James V. Cunningham, both of Chicago, Ill. (Edward E. Wilson and George McMahon, Asst. State's Attys., both of Chicago, Ill., of counsel), for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Appellant was tried before a jury in the Criminal Court of Cook County, Illinois, on the charge of receiving stolen property. He was convicted and sentenced to the

penitentiary. The judgment was affirmed by the Supreme Court of the State, People of State of Illinois v. Johnston, 382 Ill. 233, 46 N.E.2d 967. June 15, 1942, he filed his petition for a writ of error coram nobis. The writ was denied, and upon appeal the decision of the court denying the writ was affirmed, 383 Ill. 91, 48 N.E.2d 350. Thereafter, he filed his petition for and a habeas corpus writ was issued by the District Court. In his petition he alleged that he was convicted solely on the basis of perjured testimony and that his commitment was a deprivation of his Constitutional rights.

In response to the writ, the appellee filed his demurrer in which he set forth the history of the criminal proceedings, the filing of the petition for a writ of error coram nobis, and the action of the state courts thereon, and alleged that the petition was insufficient in law because the appellant had failed to exhaust his remedies in the state courts.

The District Court sustained the demurrer, quashed the writ, and remanded the appellant to the custody of the sheriff, by whom he was held pursuant to the judgment and sentence of the Criminal Court of Cook County, Illinois.

The power conferred on a federal court to issue a writ of habeas corpus to inquire into the cause of the detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, is not unqualified, but is to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist. United States v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 70 L.Ed. 138, and Sanderlin v. Smyth, 4 Cir., 138 F.2d 729, 731. Ordinarily, an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in the Supreme Court of the United States by appeal or writ of certiorari, have been exhausted, Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448.

It appears from this record that appellant is confined and held in custody by the State of Illinois by reason of his conviction in a court of that State having jurisdiction over his person and of the offense with which he was charged, and that after his conviction, he filed his petition in the nature of a writ of error coram nobis in which his present contentions were presented to the state courts. If not satisfied with the action of the state courts, he should have applied to the Supreme Court of the United States for review by certiorari. A federal court, under such circumstances, will not upon writ of habeas corpus re-examine the questions thus adjudicated. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448; Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L.Ed. 969; Salinger v. Loisel, 265 U.S. 224, 230-232, 44 S.Ct. 519, 68 L.Ed. 989; Woolsey v. Best, 299 U.S. 1, 57 S.Ct. 2, 81 L.Ed. 3; and Jones v. Dowd, 7 Cir., 128 F.2d 331.

Where the detention has become illegal by reason of some act or event which has subsequently taken place, the laws of Illinois, Ill.Rev.Stat.1943, chap. 65 § 22, ¶2, provide relief by habeas corpus. In our case, the petition does not allege that application was made to the state courts of Illinois for a writ of habeas corpus, nor does the record disclose such "exceptional circumstances of peculiar urgency" as would justify a federal court to issue the writ before the appellant had exhausted the remedies available to him in the state courts.

The judgment of the District Court is affirmed. It is so ordered.