# Ex parte JAY TUVELL, Petitioner.

### Division Two, December 3, 1923.

1. **HABEAS CORPUS: Necessary Allegations.** *Habeas corpus* is a writ of right, but not a writ of course; its issuance is dependent upon the exercise of a wise judicial discretion. The petition therefor must state such facts as are necessary on their face to entitle the petitioner to a discharge, and it must show in what the illegal restraint consists.

2. ————: **Two Judgments: Discharge Under One.** Where the petition for the writ of *habeas corpus* alleges that petitioner is being held by the warden of the penitentiary to satisfy two judgments rendered by the same court upon his pleas of guilty, one upon a charge of burglary and a sentence of five years' imprisonment and the other upon a charge of arson and a sentence of twenty-five years' imprisonment, and he charges that only the judgment in the arson case is invalid, the issuance of the writ is improvident, for being legally detained under one judgment he cannot be discharged under the other.

3. **INFORMATION: Signed by Prosecuting Attorney: Not in Official Capacity.** Where the body of the information contained the name and official title of the prosecuting attorney, his failure to sign it in his official capacity did not constitute error, and did not affect its sufficiency to sustain a judgment of conviction.

4. ————: **Clerical Error: County for State.** An allegation in the formal part of an information that the prosecuting attorney "within and for said County of Bollinger in the State of Bollinger," etc., is a clerical error, and by the Criminal Statute of Jeofails (Secs. 3900, 3908, R. S. 1919) is declared insufficient to affect the validity of a judgment of conviction.

5. **JUDGMENT: For Burglary Instead of Arson.** The writing of the word "burglary" instead of "arson" in a judgment correctly stating the crime and defining the limit of punishment fixed by the court upon defendant's plea of guilty to an information charging him with arson, and otherwise in approved form and conforming to the statute, will not entitle defendant to a discharge upon *habeas corpus*, but is only a manifestation of carelessness and inefficiency on the part of the clerk which does not affect the validity of the judgment.

*Habeas Corpus.*

PRELIMINARY RULE DISCHARGED.

WALKER, J.—The petitioner seeks a discharge from imprisonment in the penitentiary where, as is stated in his petition and in the warden's return, he is being held to satisfy two judgments rendered against him in the Circuit Court of Bollinger County, upon his pleas of guilty; one upon a charge of burglary under which he was sentenced to five years' imprisonment; and the other upon a charge of arson, under which he was sentenced to twenty-five years' imprisonment. No question is raised as to the regularity or the validity of the judgment upon the charge and plea of guilty for burglary. The burden of appellant's petition is directed to alleged errors in the record of the arson case, which it is contended vitiates the judgment therein.

It is evident from the allegations of the petition that the entertaining of the application for the writ—its issuance having been waived—was improvident. While *habeas corpus* is a writ of right, it is not a writ of course. When applied for by a private individual it is only to be issued in the exercise of a wise judicial discretion. [State ex rel. Walker v. Dobson, 135 Mo. l. c. 19.] The petition is the chart by which the court is to be guided in the exercise of that discretion. It is essential therefore that the petition state such facts as are necessary on their face to entitle the petitioner to a discharge (Sec. 1877, R. S. 1919) and it must show in what the illegal restraint consists as a reason why the writ should issue. [Ex parte Brockman, 233 Mo. l. c. 157.] Unless, therefore, the petition shows that there is probable cause for the petitioner's discharge the writ should not be granted. [State ex rel. Barker v. Wurdeman, 254 Mo. 561; State ex rel. Walker v. Dobson, supra.]

Does the petition contain this essential? It alleges the petitioner's detention under two judgments. To one of these no question is raised as to its regularity or validity.

Much vaunted as the writ has been as a remedial agent against arbitrary and unwarranted imprisonment, its issuance is not authorized where the application therefor does not disclose a detention under that character of imprisonment. Such a detention not appearing in one of the judgments under which the petitioner is held, was sufficient to authorize the court to refuse to consider the application for the writ. Lawfully detained under one judgment his remanding was inevitable regardless of the errors the record may disclose in regard to the other. The application therefore being futile, the consideration of same, other than to examine the petition, should have been denied.

Since the matter is before us, despite the futility of the application, a consideration of the other grounds urged by the petitioner is not deemed inopportune.

It is contended that the information charging arson was not signed by the prosecuting attorney in his official capacity.

Granting, as we may, the legal necessity of the sufficiency of a criminal charge to sustain a judgment, the error complained of does not rise to that dignity. In other words, it is one of those irregularities due oftentimes to the carelessness or a lack of precision of prosecuting attorneys rather than intention, which will not, in the presence of an otherwise sufficient charge, authorize an interference with the judgment. We have frequently ruled upon this question, holding that where the body of the information contained the name and official title of the prosecuting attorney, a failure to sign the same officially would not constitute error, as the defendant could suffer no prejudice by reason of the omission. We discussed this question at some length in State v. Ferguson, 278 Mo. l. c. 130, citing earlier cases, and it has later received consideration with a like conclusion in State v. Carroll and Jocoy, 288 Mo. l. c. 404.

It is also urged that in the formal part of the information the word "Bollinger" is written instead of the

word "Missouri," making that part of the information read: "within and for said County of Bollinger in the State of Bollinger." This, as counsel for the warden well says, "is palpably a clerical error." The information runs in the name of the State of Missouri and the venue is stated in the margin to be in the "State of Missouri, County of Bollinger." An error of this character under Sections 3900 and 3908, Revised Statutes 1919, which may be classified as our criminal statute of jeofails, is declared to be insufficient to affect the validity of a judgment.

An error in the record of the Clerk of the Circuit Court following the entry of the defendant's plea of guilty to the charge of arson is urged as a ground for the court's interference. This error consists in the insertion by the clerk of the word "burglary" instead of that of "arson" and may be best understood by incorporating the same herein in its own words as follows:

"State of Missouri .......... Plaintiff⎫
       No. 144.        vs.                ⎬ARSON.
Jay Tuvell ................ Defendant⎭

"Come now the parties hereto on this the 15th day of June, 1921, in vacation, at the special June term, and Homer F. Williams, Prosecuting Attorney, who prosecutes for the State of Missouri herein, and the defendant, Jay Tuvell, in person and in the custody of the Sheriff, and waives the necessity of formal arraignment, and for plea to the information herein says he is guilty as he stands charged therein.

"Whereupon the court finds that the defendant Jay Tuvell is guilty of *burglary* and fixes his punishment at imprisonment in the State Penitentiary, at Jefferson City, Missouri, for a period of twenty-five years."

This error other than as manifesting carelessness and inefficiency in an officer charged with the responsible duties of recording the proceedings of a court of record does not affect the validity of the judgment rendered by the court upon the defendant's plea of guilty entered in

this case.  This judgment conforms to the facts in all of their details.  It correctly states the crime and defines the limit of the punishment fixed by the court and is otherwise in the form often approved.  It is under this judgment, as well as that for burglary, that the Warden of the Penitentiary holds the petitioner as is disclosed by his return.  Held, as the petitioner is, under commitments based on judgments of a court of competent jurisdiction and no provision of the statute (Sec. 1909, R. S. 1919) authorizing his discharge, when so held, having been shown to have been violated, it only remains for us to order that he be remanded to the custody of the Warden of the Penitentiary, which is accordingly done. All concur.