## BURCHFIELD v. HIATT.

### No. 2392.

United States District Court
N. D. Georgia, Atlanta Division.
July 15, 1949.

Robert S. Burchfield, in pro. per.

J. Ellis Mundy, U. S. Attorney, Harvey H. Tisinger, Asst. U. S. Attorney, Atlanta, Georgia, Eugene M. Caffey, Colonel, Judge Advocate General's Corps., H. M. Peyton, Lieutenant Colonel, Judge Advocate General's Corps., Ft. McPherson, Georgia, for respondent.

E. MARVIN UNDERWOOD, District Judge.

On November 16, 1945, petitioner was tried and convicted before a General Court-Martial, convened at Los Angeles, California, upon charges of violation of certain Articles of War and sentenced to a term of fifteen years.

The sole ground for writ of habeas corpus alleged by petitioner is that the court-martial was without jurisdiction because not legally constituted in that the Law Member was not an officer of the Judge Advocate General's Department, as required by law.

It is conceded by respondent that the Law Member, Lieutenant Colonel Gerard N. Byrne, was not an officer of the Judge Advocate General's Department and that Lieutenant Earl E. Reed, the Trial Judge Advocate who prosecuted the charges, was an officer of said Department.

Lieutenant Colonel Byrne, though not an officer of the Judge Advocate General's Department, was a lawyer. Lieutenant Earl E. Reed, the Trial Judge Advocate, was a lawyer and also an officer of said Department.

Respondent contends that Lieutenant Reed, though physically present before and during the trial, was not, in the circumstances, legally available for appointment as Law Member of the Court-Martial, so that Lieutenant Colonel Byrne, who, the evidence showed, was not an officer of the Department, but was a lawyer and otherwise qualified to act as Law Member, was appointed in his stead, and that this constituted compliance with the 8th Article of War, 10 U.S.C.A. § 1479.

Respondent also maintains that this proceeding should be dismissed because petitioner has not availed himself of the right to apply to the Judge Advocate General for relief as provided in the 53rd Article of War as amended June 24, 1948, 10 U.S.C.A. § 1525.

The latter contention will be considered first.

Article of War 53 provides: "Petition for new trial. Under such regulations as the President may prescribe, the Judge Advocate General is authorized upon application of an accused person, and upon good cause shown, in his discretion to grant a new trial, or to vacate a sentence, restore rights, privileges, and property affected by such sentence, and substitute for a dismissal, dishonorable discharge, or bad conduct discharge previously executed a form of discharge authorized for administrative issuance, in any court-martial case in which application is made within one year after final disposition of the case upon initial appellate review: Provided, That with regard to cases involving offenses committed during World War II, the application for a new trial may be made within one year after termination of the war, or after its final disposition upon initial appellate review as herein provided, whichever is the later: Provided, That only one such application for a new trial may be entertained with regard to any one case: And provided further, That all action by the Judge Advocate General pursuant to this article, and all proceedings, findings, and sentences on new trials under this article, as approved, reviewed, or confirmed under Articles 47, 48, 49, and 50, and all dismissals and discharges carried into execution pursuant to sentences adjudged on new trials and approved, reviewed, or confirmed, shall be final and conclusive and orders publishing the action of the Judge Advocate General or the proceedings on

new trial and all action taken pursuant to such proceedings, shall be binding upon all departments, courts, agencies, and officers of the United States."

Respondent contends that this Article of War is analogous to Section 2255 of Title 28, U.S.C.A., and requires exhaustion of the remedies it provides before an application for a writ of habeas corpus may be entertained by the District Court.

He further contends that the action taken by the Judge Advocate General under Article of War 53 is final and conclusive and may not be questioned in a habeas corpus proceeding, even though the court-martial was illegally constituted and without jurisdiction.

 Both of these contentions are untenable.

District Courts are expressly given jurisdiction in habeas corpus cases by Section 2241 of Title 28, U.S.C.A. and such jurisdiction has nowhere been withdrawn. To construe Article of War 53 as respondent does, would be to suspend the writ of habeas corpus, which, of course, is prohibited by Section 9 of Article I of the Constitution.

 Section 2255 of Title 28 U.S.C.A., provides a remedy by motion for correcting or modifying a judgment in the court of conviction and requires recourse to this remedy, unless it is inadequate or ineffective, before applying for writ of habeas corpus, but this section is inapplicable here and its requirements cannot be read into Article of War 53 for a number of reasons. I think it clear, in the first place, that Congress had no such intention. If it had, it could easily have said so. The distinction between the civil courts and courts-martial is by the Constitution and laws and court decisions always kept clear. The provisions of Section 2255 are wholly inappropriate to Article of War 53. They refer to United Stated Courts, not courts-martial, while Article 53 is directed not to a court or court-martial, but to an executive officer, who is not bound by the law of the case, but is authorized, in his discretion, to grant a new trial, vacate a sentence, restore rights, and grant other

relief, all partaking of the nature of executive clemency rather than the determination of rights in accordance with judicial process. The application is to the Judge Advocate General, not to the court-martial which tried the applicant, and is passed upon not by the trial court, as under Section 2255, but by an executive officer acting for the President and under regulations prescribed by the President, who may finally dispose of the entire matter without even referring it back to the court-martial.

I find that Section 2255 is not applicable in this case and deny respondent's motion to dismiss the petition.

Finding that this application for writ of habeas corpus is properly before this Court for determination, I pass to a consideration of the merits of the case.

 If the court-martial was without jurisdiction, the trial was a nullity and petitioner should be discharged; if it was illegally constituted, it was without jurisdiction.

Article of War 8, as in force at the time the court-martial was appointed, provided: "The authority appointing a general court-martial shall detail as one of the members thereof a law member, who shall be an officer of the Judge Advocate General's Department, except that when an officer of that department is not available for the purpose the appointing authority shall detail instead an officer of some other branch of the service selected by the appointing authority as specially qualified to perform the duties of law member. The law member, in addition to his duties as a member, shall perform such other duties as the President may by regulations prescribe." Title 10 U.S.C.A. § 1479.

 In McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049, the Supreme Court say, "A court-martial is the creature of statute, and, as a body or tribunal, it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction." 186 U.S. page 62, 22 S.Ct. page 791. "To give effect to its sentences it must appear affirmatively and unequiv-

ocally that the court was legally constituted; that it had jurisdiction; that all the statutory regulations governing its proceedings had been complied with, and that its sentence was conformable to law. * * * There are no presumptions in its favor, so far as these matters are concerned. * * * The fact necessary to show their jurisdiction, and that their sentences were conformable to law, must be stated positively; and it is not enough that they may be inferred argumentatively." 186 U.S. page 63, 22 S.Ct. page 792.

See also: Runkle v. United States, 122 U.S. 543, 556, 7 S.Ct. 1141, 30 L.Ed. 1167; Collins v. McDonald, 258 U.S. 416, 418, 42 S.Ct. 326, 66 L.Ed. 692; Givens v. Zerbst, 255 U.S. 11, 19, 41 S.Ct. 227, 65 L.Ed. 475; Hiatt v. Brown, 5 Cir., 175 F.2d 273.

In the Runkle case, supra, the Court say [122 U.S. 543, 7 S.Ct. 1146]: "All this is equally true of the proceedings of courts-martial. Their authority is statutory, and the statute under which they proceed must be followed throughout. The facts necessary to show their jurisdiction, and that their sentences were conformable to law must be stated positively; and it is not enough that they may be inferred argumentatively."

Respondent concedes, and the record of the court-martial shows, that Lieutenant Colonel Byrne, the Law Member, was not an officer of the Judge Advocate General's Department, and that Lieutenant Reed, the Trial Judge Advocate, was an officer of said Department, as were also Lieutenant-Colonel John W. Cramer, Staff Judge Advocate, and First Lieutenant John M. Weaver. He contends, however, that, although Lieutenant Reed was present and actually participated in the trial, he was not legally available to serve as Law Member because of his appointment as Trial Judge Advocate and participation in the trial. He also contends that Lieutenant-Colonel Cramer and Lieutenant Weaver were legally unavailable, though physically available.

From the foregoing it will be seen, and I so find, that at the time the court was appointed, there were present and physically available for attendance upon the trial, three officers of the Judge Advocate General's Department. None of these had any disqualifying connection with the case prior to the appointment of the Law Member, except Lieutenant Weaver, if his participation in the investigation under Article of War 70, 10 U.S.C.A. § 1542, should be deemed disqualifying. It is to be noted, however, that he served as Reviewing Authority after having conducted said preliminary investigation.

All of the three officers named participated in the proceedings subsequent to the appointment of the court, although the only mandatory requirement was the one not observed, the requirement that the Law Member must be an officer of the Judge Advocate General's Department. The Articles of War do not require that the Investigator or Trial Judge Advocate or Reviewing Authority shall be a member of the Judge Advocate General's Department, but do require that the Law Member shall be an officer of the Department, if available. The reason is plain and well stated in the following language by the Court of Appeals in Hiatt v. Brown, 5 Cir., 175 F.2d 273, 276, a case on all fours with this: "It is without dispute that such law member is charged with the solemn duty and responsibility of a final ruling upon every disputed issue at the trial, of restraining the prosecution within proper legal bounds, and of insuring the accused due process of law by carefully preserving his constitutional rights. And where, as here, it conclusively appears that although two of the required law members were actually 'available' at the time of their court-martial appointment for the position of law member, and the appointing authority has arbitrarily, and without apparent justification or excuse, appointed both of them to serve as assistant prosecutors of the accused, it leaves the entire proceeding in some sort analogous to a jury trial without a judge present."

■ Where officers of the Judge Advocate General's Department are available to sit as Law Members on a court-martial at the time the court is appointed, their subsequent assignment to other duties in

connection with the same case will not excuse compliance with the requirement that the Law Member must be an officer of the Judge Advocate General's Department on the ground that none was available.

The record of the Court-Martial proceedings shows that the Court-Martial was appointed on September 6, 1945 and convened for the trial of petitioner on September 16, 1945. It further shows that the case was referred for trial, October 31, 1945, to Lieutenant Reed, J.A.G.D., as Trial Judge Advocate, by Lieutenant John W. Cramer, Staff Judge Advocate and an officer of the Judge Advocate General's Department. The Charge Sheet, dated October 29, 1945, was signed and sworn to by Lieutenant John H. Weaver, J.A.G.D., as Accuser, after an investigation made by him. Petitioner was convicted and sentence imposed November 16, 1945. The record of trial was reviewed and found sufficient by John H. Weaver, J.A.G.D., Assistant Staff Judge Advocate, on November 17, 1945, and on the same day concurred in by Lieutenant-Colonel John W. Cramer, J.A.G.D., Staff Judge Advocate. The Board of Review in Washington, D. C., held the record of trial legally sufficient on December 7, 1945, and returned the record to the Commanding Officer. On December 17, 1948, the portion of the sentence in excess of nine (9) years was remitted by direction of the President.

It will be seen from these facts, derived from the court-martial record and conceded by respondent, that at the time the Law Member of the Court was appointed, two members of the Judge Advocate General's Department, besides the Staff Judge Advocate, were present and available to be appointed as the Law Member of the Court. In the words of Hiatt v. Brown, supra, "No authority, explanation, or reason whatever is offered in justification or excuse of this action", and "The arbitrary action of organizing this court-martial in complete disregard of the plain requirements of the 8th Article of War is manifestly reviewable, both as an abuse of discretion, and as a fatal organizational defect which effectually divests the court-martial of jurisdiction."

Finding as I do that the appointment of an officer of the Judge Advocate General's Department as the Law Member of the court was an essential jurisdictional fact and that it does not appear from the order establishing the court-martial or by any other evidence that such officer was not available, but on the other hand, that the facts proved affirmatively show that such officer was available for appointment as the Law Member of the Court at the time it was appointed, I conclude that the court-martial was illegally constituted and therefore had no jurisdiction over the person or offense and that petitioner should be discharged.

Whereupon, It Is Considered, Ordered And Adjudged that the writ of habeas corpus be, and same hereby is, sustained, and that respondent discharge petitioner from custody at the end of ten (10) days from this date, unless a further supersedeas be granted by this Court, such delay being allowed to afford opportunity for appeal if desired.