## PARKER v. HIATT.
### No. 2404 H. C.

United States District Court
N. D. Georgia, Atlanta Division.
July 15, 1949.

George E. Parker, pro se.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, Atlanta, Ga., Asst. U. S. Atty., Eugene M. Caffey, Colonel, Judge Advocate General's Corps, H. M. Peyton, Lieutenant Colonel, Judge Advocate General's Corps, Ft. McPherson, Ga., for respondent.

E. MARVIN UNDERWOOD, District Judge.

On July 10, 1944, petitioner was brought to trial before a General Court-Martial appointed June 26, 1944 and convened at Camp Croft, South Carolina, on July 10, 1944, upon charges of violation of certain Articles of War. The trial lasted several days and petitioner was sentenced after conviction, on July 18, 1944, to a term of twenty-five years imprisonment, which was subsequently reduced to fifteen years.

The sole ground for writ of habeas corpus alleged by petitioner is that the Court-Martial was without jurisdiction because not legally constituted in that the law member was not an officer of the Judge Advocate General's Department, as required by the 8th Article of War, 10 U.S.C.A. § 1479.

Respondent contends first, that said Article of War was complied with, and second, that this application should be dismissed because petitioner has not complied with the 53rd Article of War, 10 U.S.C.A. § 1525, which respondent contends is analogous to Section 2255 of Title 28, U.S. C.A., and requires exhaustion of the remedies it provides before an application for writ of habeas corpus may be entertained by the District Court.

He further contends that action taken by the Judge Advocate General under Article of War 53 is final and conclusive and may not be questioned in a habeas corpus proceeding, even though the court-martial was illegally constituted and without jurisdiction.

The contention that Article of War 53 is applicable is untenable, but if applicable, such construction of the Article would make it unconstitutional as suspending the writ of habeas corpus.

These questions were considered and covered by opinions in the cases of Burchfield v. Hiatt, D.C., 86 F.Supp. 18, and Fugate v. Hiatt, D.C., 86 F.Supp. 22, and it is unnecessary to repeat the reasoning of those two opinions, but they are referred to as authority for the ruling in this case.

Finding that this application for writ of habeas corpus is properly before this Court for determination, I pass to a consideration of the merits of the case.

If the court-martial was without jurisdiction, the trial was a nullity and petitioner should be discharged; if it was illegally constituted, it was without jurisdiction.

Article of War 8, as in force at the time the court-martial was appointed, provided:

"The authority appointing a general court-martial shall detail as one of the members thereof a law member, who shall be an officer of the Judge Advocate General's Department, except that when an officer of that department is not available for the purpose the appointing authority shall detail instead an officer of some other branch of the service selected by the appointing authority as specially qualified to perform the duties of law member. The law member, in addition to his duties as a member, shall perform such other duties as the President may by regulations prescribe." Title 10 U.S.C.A. § 1479.

If a member of the Judge Advocate General's Department actually served as law member on the Court-Martial, then it had jurisdiction and its proceedings are valid.

It appears from the record in this case, and from the evidence, that Colonel Norbert A. Theodore was Staff Judge Advocate at Camp Croft at the time the Court was appointed and the trial had. He was an officer of the Judge Advocate General's Department. According to his testimony, Lieutenant Julius L. Malkin, who served as Law Member at the trial, was an able lawyer with ten years of experience and considered best fitted to become the Law Member of the Court-Martial. He reported to Colonel Theodore, upon being assigned to Camp Croft, for duty in his office as Assistant Judge Advocate General to perform the duties and functions of such assistant. "He had sat in a number of cases * * * and he was my regular law member during that time." There were two other lawyers who were assigned to Colonel Theodore as Assistant Judge Advocates, Lieutenant Dougherty, an experienced lawyer of fifteen years of practice, and Lieutenant Wexler, a lawyer of similar experience.

The question presented is, was Lieutenant Malkin an officer of the Judge Advocate General's Department at the time of the trial? If so, the trial was legal and the sentence valid.

The evidence is confusing on this point. Lieutenant Malkin, and the other two Judge Advocates, were all lawyers who had been assigned to Colonel Theodore's office and held Army of the United States (A.U.S.) commissions. Respondent maintains that these officers were not technically members of the Judge Advocate General's Department, although regularly appointed to Colonel Theodore's staff to work under him and perform all the duties and functions of a Judge Advocate and with legal authority to add the initials "J.A.G.D." after their names, which indicated that they were officers of the Judge Advocate General's Department. Although Lieutenant Malkin was entitled to add the initials "J.A.G.D." after his name if he desired, he was not required to do so. It seems that officers of A.U.S. were afforded the privilege of adding these initials to their names or retaining the insignia of the department from which they had temporarily been transferred.

Upon the evidence in this case, I find that Lieutenant Malkin was, at the time he served as Law Member of the Court-Martial, an officer of the Judge Advocate General's Department, and that being such, the Court was legally constituted and had jurisdiction over petitioner and the cause of action.

Whereupon, it is considered, ordered and adjudged that said writ of habeas corpus be, and same is, hereby discharged and petitioner remanded to the custody of respondent.