### FUGATE v. HIATT.
#### No. 2402 H. C.

United States District Court
N. D. Georgia, Atlanta Division.
July 16, 1949.

Russell Green Fugate, pro se.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., Atlanta, Ga., Eugene M. Caffey, Colonel, Judge Advocate General's Corps, H. M. Peyton, Lieutenant Colonel, Judge Advocate General's Corps, Ft. McPherson, Ga., for respondent.

E. MARVIN UNDERWOOD, District Judge.

At Fort William D. Davis, Canal Zone, before a General Court-Martial, appointed June 12, 1947, petitioner was, on July 2, 1947, tried and convicted upon charges of violation of certain Articles of War and sentenced to a term of five years imprisonment.

Lieutenant-Colonel William H. Waugh was first designated as Law Member, but was replaced by order dated June 19, 1947, by Lieutenant-Colonel Clarion J. Kjeldseth of the Corps of Engineers.

As constituted at the time of the trial, the Court-Martial included Lieutentant-Colonel Kjeldseth as Law Member, Captain John E. Brown, Corps of Engineers, Trial Judge Advocate, First Lieutenant Clayton E. Thompson, Corps of Engineers, Assistant Trial Judge Advocate, Captain Arthur C. Meier, Field Artillery, Defense Counsel, and First Lieutenant Stephen W. Small, Infantry, Assistant Defense Counsel.

None of these officers was an officer of the Judge Advocate General's Department or a lawyer, but respondent contended and introduced evidence tending to show that Colonel Kjeldseth was specially qualified because of his long service in the Army and because he had previously sat in many court-martial cases.

Respondent further contended that no officer of the Judge Advocate General's De-

partment was available and that Article of War 8, 10 U.S.C.A. § 1479, was legally complied with by the appointment of Colonel Kjeldseth.

The sole ground for writ of habeas corpus alleged by petitioner is that the court-martial was without jurisdiction because not legally constituted in that the Law Member was not an officer of the Judge Advocate General's Department, as required by law.

Respondent also contends that this proceeding should be dismissed because petitioner has not availed himself of the right to apply to the Judge Advocate General for relief as provided in the 53rd Article of War as amended June 24, 1948, 10 U.S.C.A. § 1525.

The latter contention will be considered first.

Article of War 53 provides: "Petition for new trial. Under such regulations as the President may prescribe, the Judge Advocate General is authorized upon application of an accused person, and upon good cause shown, in his discretion to grant a new trial, or to vacate a sentence, restore rights, privileges, and property affected by such sentence, and substitute for dismissal, dishonorable discharge, or bad conduct discharge previously executed a form of discharge authorized for administrative issuance, in any court-martial case in which application is made within one year after final disposition of the case upon initial appellate review: Provided, That with regard to cases involving offenses committed during World War II, the application for a new trial may be made within one year after termination of the war, or after its final disposition upon initial appellate review as herein provided, whichever is the later: Provided, That only one such application for a new trial may be entertained with regard to any one case: And provided further, That all action by the Judge Advocate General pursuant to this article, and all proceedings, findings, and sentences on new trials under this article, as approved, reviewed, or confirmed under Articles 47, 48, 49, and 50, and all dismissals and discharges carried into execution pursuant to sentences adjudged on new trials and approved, reviewed, or confirmed, shall be final and conclusive and orders publishing the action of the Judge Advocate General or the proceedings on new trial and all action taken pursuant to such proceedings, shall be binding upon all departments, courts, agencies, and officers of the United States."

Respondent contends that this Article of War is analogous to Section 2255 of Title 28 U.S.C.A., and requires exhaustion of the remedies it provides before an application for a writ of habeas corpus may be entertained by the District Court.

He further contends that the action taken by the Judge Advocate General under Article of War 53 is final and conclusive and may not be questioned in a habeas corpus proceeding, even though the court-martial was illegally constituted and without jurisdiction.

Both of these contentions are untenable.

■ District Courts are expressly given jurisdiction in habeas corpus cases by Section 2241 of Title 28, U.S.C.A., and such jurisdiction has nowhere been withdrawn. To construe Article of War 53 as respondent does, would be to suspend the writ of habeas corpus, which, of course, is prohibited by Section 9 of Article I of the Constitution.

■ Section 2255 of Title 28, U.S.C.A. provides a remedy by motion for correcting or modifying a judgment in the court of conviction and requires recourse to this remedy, unless it is inadequate or ineffective, before applying for writ of habeas corpus, but this section is inapplicable here and its requirements can not be read into Article of War 53 for a number of reasons. I think it clear, in the first place, that Congress had no such intention. If it had, it could easily have said so. The distinction between the civil courts and courts-martial is by the Constitution and laws and court decisions always kept clear. The provisions of Section 2255 are wholly inappropriate to Article of War 53. They refer to United States Courts, not courts-martial, while Article 53 is directed not to a court or court-martial, but to an executive officer,

who is not bound by the law of the case, but is authorized, in his discretion, to grant a new trial, vacate a sentence, restore rights, and grant other relief, all partaking of the nature of executive clemency rather than the determination of rights in accordance with judicial process. The application is to the Judge Advocate General, not to the court-martial which tried the applicant, and is passed upon not by the trial court, as under Section 2255, but by an executive officer acting for the President and under regulations prescribed by the President, who may finally dispose of the entire matter without even referring it back to the court-martial.

I find that Section 2255 is not applicable in this case and deny respondent's motion to dismiss the petition.

Finding that this application for writ of habeas corpus is properly before this Court for determination, I pass to a consideration of the merits of the case.

If the court-martial was without jurisdiction, the trial was a nullity and petitioner should be discharged; if it was illegally constituted, it was without jurisdiction.

Article of War 8, as in force at the time the court-martial was appointed, provided: "The authority appointing a general court-martial shall detail as one of the members thereof a law member, who shall be an officer of the Judge Advocate General's Department, except that when an officer of that department is not available for the purpose the appointing authority shall detail instead an officer of some other branch of the service selected by the appointing authority as specially qualified to perform the duties of law member. The law member, in addition to his duties as a member, shall perform such other duties as the President may by regulations prescribe." Title 10 U.S.C.A. § 1479.

In McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049, the Supreme Court say, "A court-martial is the creature of statute, and, as a body or tribunal, it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction." 186 U.S. at page 62, 22 S.Ct. at page 791. "To give effect to its sentences it must appear affirmatively and unequivocally that the court was legally constituted; that it had jurisdiction; that all the statutory regulaions governing its proceedings had been complied with, and that its sentence was conformable to law. * * * There are no presumptions in its favor, so far as these matters are concerned. * * * The facts necessary to show their jurisdiction, and that their sentences were conformable to law, must be stated positively; and it is not enough that they may be inferred argumentatively." 186 U.S. at page 63, 22 S.Ct. at page 792.

See also: Runkle v. United States, 122 U.S. 543, 556, 7 S.Ct. 1141, 30 L.Ed. 1167; Collins v. McDonald, 258 U.S. 416, 418, 42 S.Ct. 326, 66 L.Ed. 692; Givens v. Zerbst, 255 U.S. 11, 19, 41 S.Ct. 227, 65 L.Ed. 475; Hiatt v. Brown, 5 Cir., 175 F.2d 273.

In the Runkle case, supra [122 U.S. 543, 7 S.Ct. 1146], the Court say: "All this is equally true of the proceedings of courts-martial. Their authority is statutory, and the statute under which they proceed must be followed throughout. The facts necessary to show their jurisdiction, and that their sentences were conformable to law, must be stated positively; and it is not enough that they may be inferred argumentatively."

Respondent concedes that the Law Member was not an officer of the Judge Advocate General's Department, and the testimony of his witness, Colonel Reginald C. Miller, showed that no lawyer sat on the Court or participated in the trial in any capacity.

Colonel Reginald C. Miller, J.A.G.D., was the Staff Judge Advocate of the Panama Canal Department, in which the trial took place, and Lieutenant-Colonel Miguel Burset and Major Arnold Davis were Assistant Staff Judge Advocate Generals. All three were officers of the Judge Advocate General's Department and were physically available for attendance upon the trial. None of the three had any disqualifying connection with the case prior to the appointment of the Law Member, unless the signing of the recommendation for trial by Colonel Burset was such. Charges were

preferred and Charge Sheet sworn to by Captain Michael Verbosh of the Military Police on June 6, 1947. The affidavit on the Charge Sheet recites that he "has investigated the matter set forth in the specifications and the charges and that the same are true in fact" et cetera. Major Calvin Price, Jr., was designated to investigate the charges in compliance with the 70th Article of War, 10 U.S.C.A. § 1542. The recommendation for disposition of court-martial charges, dated June 12, 1947, which recommended trial by court-martial, was signed by Lieutenant-Colonel Burset, J.A.G.D., Acting Department Judge Advocate. The charges were forwarded to Captain John E. Brown, C. E., Trial Judge Advocate, for trial on June 12, 1947, by Major Earle M. Clarke, Assistant Adjutant General.

After trial and conviction, the record was, on July 11, 1947, reviewed by Major Arnold Davis, J.A.G.D., Assistant Department of Judge Advocate, who recommended approval of sentence. This was concurred in by Lieutenant-Colonel Miller, J.A.G.D., Department of Judge Advocate.

Colonel Miller, the Staff Judge Advocate, testified that his staff was undermanned and that he had frequently communicated with the Commanding Officer and advised him "of the necessity of securing additional Judge Advocates so that we could have them available to serve as law members, defense counsel, and Trial Judge Advocates." He further advised him "that there would never be a time in which any one of us, if we were assigned as law members on the court, would not be subject to challenge for cause, because you can not isolate yourself from the business going through your office sufficiently to sit on a court without some prior knowledge of the facts and details of the case, and that is what has happened in this case." He further testified that the time of the Judge Advocates was largely devoted to matters other than court-martial proceedings, and that during his term of office of thirty-two months, there had only been one hundred and twenty to one hundred and twenty-five court-martial cases, and that "at no time was a Judge Advocate assigned

to the court in the Canal Zone during the thirty-two months I was there." In answering the question of how many court-martial cases were tried in the month of July, 1947, the month in which the present case was tried, he replied, "I do not know, specifically. My guess would be not over three or four." It was the universal practice not to appoint as law member an officer of the Judge Advocate General's Department, and no special effort has been shown in this particular case to comply with Article of War 8, although the evidence clearly established the availability of such officer at the time the court-martial was appointed.

It appears, therefore, from the record and the evidence in this case that all of the three officers of the Judge Advocate General's Department were available and had time to and actually did participate to some extent in the proceedings, one prior to, and the other two subsequent to, the appointment of the court, yet the only mandatory requirement was the one not observed, the requirement that the law member should be an officer of the Judge Advocate General's Department.

■ Where officers of the Judge Advocate General's Department are available to sit as the law member on the court-martial at the time the court is appointed, their subsequent assignment to other duties in connection with the same case will not excuse compliance with the requirement that the law member must be an officer of the Judge Advocate General's Department on the ground that none was available.

In Hiatt v. Brown, 175 F.2d 273, 276, affirming Brown v. Hiatt, D.C., 81 F.Supp. 647, which is controlling in this case, the Court of Appeals for the Fifth Circuit say: "It is without dispute that such law member is charged with the solemn duty and responsibility of a final ruling upon every disputed issue at the trial, of restraining the prosecution within proper legal bounds, and of insuring the accused due process of law by carefully preserving his constitutional rights. And where, as here, it conclusively appears that although two of the required law members were actually 'available' at the time of their court-martial ap-

pointment for the position of law member, and the appointing authority has arbitrarily, and without apparent justification or excuse, appointed both of them to serve as assistant prosecutors of the accused, it leaves the entire proceeding in some sort analogous to a jury trial without a judge present."

Finding as I do that the appointment of an officer of the Judge Advocate General's Department as the Law Member of the Court was an essential jurisdictional fact and that it does not appear from the order establishing the court-martial or by any other evidence that such officer was not available, but on the other hand, that the facts proved affirmatively show that such officer was available for appointment as the Law Member of the Court at the time it was appointed, I conclude that the court-martial was illegally constituted and therefore had no jurisdiction over the person or offense and that petitioner should be discharged.

Whereupon, it is considered, ordered and adjudged that the writ of habeas corpus be, and same hereby is, sustained, and that respondent discharge petitioner from custody at the end of ten (10) days from this date, unless a further supersedeas be granted by this Court, such delay being allowed to afford opportunity for appeal if desired.