**BARRETT v. HUNTER, Warden.**

**RUTLEDGE v. HUNTER, Warden.**

Nos. 3954, 3978.

United States Court of Appeals
Tenth Circuit.

Feb. 14, 1950.

Rehearing Denied March 15, 1950.

Charles Graham, Denver, Colo., for appellant Bill J. Barrett.

Hulan C. Rutledge filed a brief pro se.

Malcolm Miller, Assistant United States Attorney, Topeka, Kan. (Lester Luther, United States Attorney, Topeka, Kan., was on the briefs), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON, HUXMAN, MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

These are appeals from orders denying applications for writs of habeas corpus.

In Number 3954, the application for the writ alleged that Barrett was confined in the United States Penitentiary, at Leavenworth, Kansas; that an information was filed in the United States District Court for the Northern District of Texas charging that Barrett unlawfully escaped from the Federal Correctional Institution, at Seagoville, Texas; that Barrett pleaded guilty to the charge and was sentenced to imprisonment for a term of five years; that about one year after the imposition of sentence, Barrett filed a motion in the sentencing court to vacate the waiver of indictment signed by him, the plea of guilty entered to the information, and the sentence imposed; that "the court denied the motion without hearing any evidence, and your petitioner appealed," and that "This was denied also"; that intermediate to his arrest and his appearance before the sentencing court, Barrett was confined in the Federal Correctional Institution in solitary confinement and held incommunicado; that he was not versed in law or criminal procedure; that he had no opportunity to learn of his constitutional or legal rights; that he did not effectively waive his rights to the assistance of counsel; that he did not have the benefit of counsel at the time he signed the waiver of indictment; that such waiver was not signed in open court; that he did not have the benefit of counsel at the time he entered the plea of guilty; that at the time of his alleged escape, he was being held by virtue of a commitment issued by the United States Parole Board at Washington, D. C.; that the order revoking his parole was unlawful because he was then a member of the Armed Forces; that he was never brought before a United States Commissioner, and was held in custody for approximately two weeks before he was brought before the sentencing court, and had no opportunity to prepare a defense.

In Number 3978, Rutledge, in his application for the writ, alleged that he was confined in the United States Penitentiary, at Leavenworth, Kansas, by virtue of a judgment and sentence of the United States District Court for the Western District of Missouri; that the sentence was imposed for an alleged violation of the Federal Escape Act, 18 U.S.C.A. § 751; that he was denied the right of trial by jury; that counsel appointed by the sentencing court to represent him in the criminal proceeding did not enter a plea of guilty on his behalf; that an attorney appointed by the sentencing court to represent Rutledge's codefendant entered a plea of guilty for both the codefendant and Rutledge; that Rutledge made an oral statement in open court denying that he was guilty of the offense charged; that he filed a motion to vacate the sentence in the sentencing court, and that such motion was overruled March 15, 1949. He did not appeal from the order denying such motion.

In Number 3954, the trial court denied the application for the writ on the ground that the motion to vacate the sentence, filed under 28 U.S.C.A. § 2255, had been denied and that the allegations in the application for the writ failed to allege facts showing that the remedy under § 2255 was inadequate or ineffective to test the legality of Barrett's detention.

In Number 3978, the trial court sustained a motion to dismiss the application for the writ on the ground that the application failed to show that Rutledge had appealed from the order denying his motion to vacate, and that such motion had been denied, and that the allegations in the application for the writ failed to show the remedy under § 2255 was inadequate or ineffective to test the legality of Rutledge's detention.

Section 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was with-

out jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Prior to the enactment of § 2255, a practice had grown up on the part of prisoners, when their first application for a writ of habeas corpus had been denied, to file successive applications for the writ on the same or slightly different grounds and to prosecute appeals from their denial.[1] In a great many habeas corpus proceedings, the legality of the detention could only be determined upon an examination of the records and files in the sentencing court, and after the taking of testimony of officials of such court and other witnesses who generally resided in the vicinity of the sentencing court. The object and purpose of § 2255 was to afford a prisoner the right to make a direct attack on the legality of his detention on any of the grounds for collateral attack enumerated in the third paragraph of such section[2] that arose at, or prior to the time of the imposition of sentence. It was intended to provide a prisoner, in custody under sentence of a court established by an Act of Congress, an exclusive remedy for determining the legality of his detention in the court which imposed the sentence, where the matter could most readily and conveniently be heard, and to make the final determination with respect to the legality of such detention conclusive, except in cases where the remedy thus provided was inadequate or ineffective to test the legality of such detention.[3]

Section 2255 should be construed, if the language thereof permits, so as to effectuate the object and purposes of its enactment[4] and sustain its constitutionality.[5]

1. See Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, 862–864; Price v. Johnson, 334 U.S. 266, 296, 68 S.Ct. 1049, 92 L.Ed. 1356.

2. Pulliam v. United States, 10 Cir., 178 F. 2d 777.

3. Martin v. Hiatt, 5 Cir., 174 F.2d 350, 352.

4. Town of Clayton v. Colorado & S. Ry.

Co., 10 Cir., 51 F.2d 977, 979, 82 A.L.R. 417; Board of Education, etc., v. Woodmen of the World, 10 Cir., 77 F.2d 31, 34; Federal Deposit Ins. Corporation v. Tremaine, 2 Cir., 133 F.2d 827, 830; Securities and Exchange Commission v. C. M. Joiner Leasing Corp., 320 U.S. 344, 350, 64 S.Ct. 120, 88 L.Ed. 88; Warren v. United States, 10 Cir., 177 F.2d 596.

5. Western Distributing Co. v. Public Serv-

The primary question here presented is whether the remedy provided by § 2255 affords the prisoner a remedy which is the equivalent of that afforded in a conventional habeas corpus proceeding.

The grounds for a motion to vacate, under § 2255, encompass all of the grounds that might be set up in an application for a writ of habeas corpus predicated on facts that existed at or prior to the time of the imposition of sentence.

If the motion and the records and files of the case conclusively show that the prisoner is not entitled to any relief, the court is not required to entertain the motion.

In conventional habeas corpus, the court is not required to issue the writ if, on the face of the petition, it appears that petitioner is not entitled to the writ, or if, from undisputed facts or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting the writ exists;[6] or if the issuance of the writ is unnecessary to afford the petitioner the relief to which he is entitled.[7]

If it does not conclusively appear that the prisoner is not entitled to any relief, the court, under § 2255, must cause a notice to be served upon the United States Attorney, grant a prompt hearing on the motion, determine the issues, and make findings of fact and conclusions of law.

Under § 2255, the court may entertain and determine the motion without requiring the production of the prisoner. We do not think it was intended by such provision to give the court an absolute discretion. Rather, we think the intention was to provide that the court may entertain and determine the motion without requiring the production of the prisoner when the motion or the records and files of the case conclusively show that the prisoner is not entitled to any relief, or where the presence of the prisoner is unnecessary to afford him the relief to which he is entitled, or where only issues of law are presented. But where the motion and any response thereto present material and substantial issues of fact requiring a hearing, generally, in the exercise of a sound discretion, the Court should require the production of the prisoner.[8]

[10] A writ of habeas corpus is a writ of right when reasonable cause is shown, but it is not a writ of course.[9] It is granted only in the exercise of sound judicial discretion.[10]

Section 2255 provides that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. We do not think it was intended by such provision to give the court unqualified discretion to refuse to entertain a second or successive motion. Rather, we think it was intended to provide that a second or successive motion should be disposed of in the exercise of sound judicial discretion, guided and controlled by a consideration of whatever has a rational bearing on the propriety of the relief sought, among which is a prior refusal to grant

ice Commission, 10 Cir., 58 F.2d 239, 241; Shell Pipe Line Co. v. Robinson, 10 Cir., 66 F.2d 861, 863; Constantine v. United States, 5 Cir., 75 F.2d 928, 931; Panama R.R. Co. v. Johnson, 264 U.S. 375, 390, 44 S.Ct. 391, 68 L.Ed. 748; Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 470, 65 S.Ct. 1384, 89 L.Ed. 1725.

6. See Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830.

7. Hamilton v. Henderson, 232 Mo.App. 1234, 117 S.W.2d 379, 383.

8. Cf. Price v. Johnston, 334 U.S. 266, 278, 68 S.Ct. 1049, 92 L.Ed. 1356, and Bell v. United States, 5 Cir., 129 F.2d 290.

9. Engels v. Amrine, 155 Kan. 385, 125 P. 2d 379, 380; Ex parte Tail, 144 Neb. 820, 14 N.W.2d 840, 842, Id., 145 Neb. 268, 16 N.W.2d 161, 163; Ex parte Tremper, 126 N.J.Eq. 276, 8 A.2d 279, 283; Ex parte Tuvell, 301 Mo. 251, 256 S.W. 463.

10. Goto v. Lane, 265 U.S. 393, 401, 44 S. Ct. 525, 68 L.Ed. 1070; Salinger v. Loisel, 265 U.S. 224, 231, 44 S.Ct. 519, 68 L. Ed. 989; United States ex rel. Johnston v. Carey, 7 Cir., 141 F.2d 967, 968; Ex parte Tremper, 126 N.J.Eq. 276, 8 A.2d 279, 283.

relief on a like motion. If the second or successive motion sets up new or dissimilar grounds for relief which are within the purview of the grounds enumerated in the third paragraph of § 2255, and the motion and the records and files in the case do not conclusively show that the prisoner is entitled to no relief, the court should ordinarily entertain such second or successive motion.[11] So construed, the provision conforms with the rule in habeas corpus with respect to successive applications for the writ, laid down by the Supreme Court in Salinger v. Loisel, 265 U.S. 224, 230, 232, 44 S.Ct. 519, 521, 68 L.Ed. 989, where the court said:

"At common law the doctrine of *res judicata* did not extend to a decision on *habeas corpus* refusing to discharge the prisoner. The state courts generally have accepted that rule where not modified by statute; the lower federal courts usually have given effect to it; and this court has conformed to it and thereby sanctioned it, although announcing no express decision on the point. * * * We regard the rule as well established in this jurisdiction.

"But it does not follow that a refusal to discharge on one application is without bearing or weight when a later application is being considered. In early times, when a refusal to discharge was not open to appellate review, courts and judges were accustomed to exercise an independent judgment on each successive application, regardless of the number. But when a right to an appellate review was given, the reason for that practice ceased, and the practice came to be materially changed,—just as when a right to a comprehensive review in criminal cases was given the scope of inquiry deemed admissible on *habeas corpus* came to be relatively narrowed.

"The federal statute (§ 761, Rev.Stats. [28 U.S.C.A. § 2243]) does not lay down any specific rule on the subject, but directs the court 'to dispose of the party as law and justice require.' A study of the cases will show that this has been construed as meaning that each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought. Among the matters which may be considered, and even given controlling weight, are (a) the existence of another remedy, such as a right in ordinary course to an appellate review in the criminal case, and (b) a prior refusal to discharge on a like application. * * * The decision in the Cuddy Case (Ex Parte Cuddy, C.C.), [40 F. 62] was on a second application, and was given by Mr. Justice Field. While holding the doctrine of *res judicata* inapplicable, he said: 'The officers before whom the second application is made may take into consideration the fact that a previous application had been made to another officer and refused; and in some instances that fact may justify a refusal of the second. The action of the court or justice on the second application will naturally be affected to some degree by the character of the court or officer to whom the first application was made, and the fullness of the consideration given to it.'

"In practice the rules we here have outlined will accord to the writ of *habeas corpus* its recognized status as a privileged writ of freedom, and yet make against an abusive use of it. As a further safeguard against abuse, the court, if not otherwise informed, may on receiving an application for the writ require the applicant to show whether he has made a prior application, and, if so, what action was had on it."

See also Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999.

The last paragraph of § 2255, in part, is an application of the principle of res judicata. It precludes the prisoner from prosecuting an application for a writ of habeas corpus on any of the grounds which he might set up under § 2255 in a motion to vacate a sentence and makes the order denying any relief in the sentencing court res judicata, unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. It does not, in our opinion, apply to applications for a writ predicated on facts

11. See Price v. Johnson, 334 U.S. 266, 289, 68 S.Ct. 1049, 92 L.Ed. 1356.

arising after the imposition of sentence, such as, for example, where the sentence has been fully served and the prisoner is unlawfully thereafter detained in custody.

 There can be no constitutional objection to making a judgment in habeas corpus res judicata. State statutes making a judgment in habeas corpus res judicata have been enacted in a number of states.[12] The application of the doctrine of res judicata to successive applications for the writ would not constitute a suspension of the writ.

 To limit the right to the remedy to the sentencing court, except in cases where it appears that the remedy under § 2255 is inadequate or ineffective to test the legality of the prisoner's detention, is not a suspension of the writ. So long as there is open to the prisoner a remedy in one court, with full right of review by appeal and petition for certiorari, it is not a suspension of the writ to withhold jurisdiction from other Federal courts, except in cases where the remedy in the sentencing court is inadequate or ineffective.[13]

 We conclude that § 2255 thus construed preserves the essentials of the remedy afforded by the great writ of freedom, effecting change in procedure only and lessening opportunities for abuse of the writ.

 In Number 3954, the brief for Barrett states that he applied for leave to appeal in forma pauperis and his application was denied. In Barrett's application for the writ he alleged that his motion filed in the sentencing court was disposed of without the taking of any evidence.

But, he wholly failed to allege that his motion to vacate alleged any of the grounds for relief enumerated in the third paragraph of § 2255, or that his motion and the records and files in the case did not conclusively show that he was entitled to no relief. In that state of the record, we cannot say that because the court refused to take evidence and denied him leave to appeal in forma pauperis, it appears that his remedy by motion to the court which sentenced him was inadequate or ineffective to test the legality of his detention.

It is our conclusion that in each case the writ was properly denied.

Affirmed.

HUXMAN, Circuit Judge (dissenting).

The decision in these two cases turns upon a construction of Section 2255, Title 28, U.S.C.A. While the question is not free from doubt, I find myself unable to concur in the construction placed thereon by my associates. The precise question is whether Section 2255 is a prerequisite to the right to institute a habeas corpus action or whether it is an exclusive remedial substitute therefor, except only in those cases in which it is found that the remedy provided for therein is inadequate and ineffective to test the legality of the detention. This section has been considered in one way or another by a number of courts. Most of them seem to be of the view that compliance with the requirements of Section 2255 is a prerequisite to the right to proceed by habeas corpus and not a substitute therefor.[1]

In Stidham v. Swope, D.C., 82 F.Supp., 931, Chief Judge Denman granted an appli-

12. See 39 C.J.S., Habeas Corpus, § 105, p. 698.

13. Martin v. Hiatt, 5 Cir., 174 F.2d 350, 352, 353.

1. The following cases seem to hold that compliance with the section is a prerequisite: Wong v. Vogel, D.C., 80 F. Supp. 723; Stidham v. Swope, D.C., 82 F.Supp. 931; United States v. Calp, D.C., 83 F.Supp. 152; St. Clair v. Hiatt, D.C., 83 F.Supp. 585; Burchfield v. Hiatt, D. C., 86 F.Supp. 18; Fugate v. Hiatt, D.C., 86 F.Supp. 22; Parker v. Hiatt, D.C.,

86 F.Supp. 27; Mugavero v. Swope, D.C., 86 F.Supp. 45.

The following cases seem to hold that it is a substitute remedy for habeas corpus: Taylor v. United States, 4 Cir., 177 F.2d 194; Birtch v. United States, 4 Cir., 173 F.2d 316; Howell v. United States, 4 Cir., 172 F.2d 213; United States v. Meyers, D.C., 84 F.Supp. 766; United States v. Lowery, D.C., 84 F.Supp. 804.

Remark: In a number of the cases the court's pronouncement is in the form of dicta and is of value only as it shows the inclination of the court.

cation for the writ without requiring compliance with Section 2255. No attempt will be made to quote from that opinion. It is sufficient to say that I am in accord with its philosophy. To square with the concept of due process, there must not only be a remedy but the remedy must also be speedy and effective. I have grave doubts whether Section 2255 can ever be an effective remedy, save in those cases in which the sentencing court is in the same jurisdiction with the institution of confinement.

To illustrate: Suppose a person sentenced to Alcatraz from the Federal Court of the District of Florida, or to McNeil Island by a Texas court, or to Atlanta by a court in the State of Washington, seeks to challenge the validity of the sentence in the sentencing court. May we not take knowledge of the fact that it would impose an onerous burden to transport these prisoners thousands of miles back and forth from their place of service of sentence to the sentencing court, with attendant guards, in armored cars, etc. But assuming all this would be done, how about the element of time involved. Would it be possible to accord to petitioner that speedy remedy to which he is entitled if the sentence, in fact, is void? Would he have an opportunity to confer with an attorney, appointed for him by the sentencing court, prior to the time of trial to prepare his case, or to subpoena and interview witnesses? It seems to me the answer is obvious.

The contention is made that merely to construe Section 2255 as a prerequisite to the right to institute habeas corpus proceedings would fail to remedy the abuses of the judicial process resulting from repeated groundless applications for the writ by the same petitioner. Even so, that would not warrant the procedure authorized by Section 2255 unless it is an effective and complete substitute remedy for habeas corpus proceedings. The end sought to be accomplished does not justify the means employed unless it squares with the judicial concept and accords with constitutional requirements. While it is not the province of a judicial opinion to suggest appropriate legislation, we do know that Section 2255 has had the consideration of judicial officers in its preparation and submission to Congress. It would not seem inappropriate to state that it would appear that a simple statute applying the principle of res judicata to judgments in habeas corpus actions, the same as in all other actions, would remedy all the abuses sought to be corrected by Section 2255, and yet preserve that speedy determination to which one confined under a void judgment is entitled.

Section 2255 is not free from ambiguity. This would appear not only from the language itself but also from the fact that already judges skilled in law have reached conflicting conclusions. Thus the language, that "an application for a writ of habeas corpus * * * shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him * * *", would seem to support a construction that compliance was a prerequisite and not a substitute for habeas corpus. It may be that the remaining language warrants a construction that it is the exclusive remedy other than in cases in which the remedy by motion is inadequate or insufficient—whatever that means—to test the legality of the detention. If that was the intention of Congress in the passage of the Act, it is regrettable that clear, plain language stating that Section 2255 shall be the sole and exclusive remedy to test the validity of a sentence other than in cases in which this remedy was inadequate and ineffective was not used.

Neither am I in accord with the construction the majority of the court places upon the provision providing that: "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." There is no ambiguity or uncertainty in the meaning of this language. It means just what it says in plain words, and in my view we are not warranted in giving this language a meaning not warranted by the plain terms thereof, in order to find constitutionality where otherwise there would be unconstitutionality. That principle of con-

struction can have application. only where there is ambiguity in the language employed or where there is something in the legislative history to show that words were used in a sense other than what the plain terms and reading thereof implies. If this is not so, then the device of judicial construction can always be employed to give constitutionality to an act, which, by its unambiguous terms, is unconstitutional. In the absence of any aid from the legislative history, we must presume that Congress meant what the plain language used by it imports. To do otherwise constitutes legislation by judicial interpretation, and this constitutes a usurpation of legislative function and is not warranted solely to give validity to what would otherwise be invalid.

I am, however, of the view that it is not necessary to the decision of these two appeals to delineate the scope and effect of Section 2255, and would, therefore, prefer to defer that question until it is necessarily involved in an appeal to this court.

In his motion before the sentencing court, Barrett raised issues of fact which entitled him to be present, to testify, to have witnesses subpoenaed, to be represented by counsel, and to contest the issues before the court. None of these rights were accorded him. Apparently his motion was summarily disposed of. The sentencing court made no findings of fact. All we have is the judgment of the court denying any relief. Barrett sought to appeal to the Circuit Court of Appeals in forma pauperis, but was denied that right. As far as the record reveals, all of this was done by himself without the aid or benefit of counsel. Thus it appears that he exhausted his remedy under Section 2255, and that the remedy under Section 2255 was wholly inadequate or ineffective to test the legality of his detention. Under these circumstances, it is my view that he was entitled to maintain this proceeding.

It is, of course, true that if the record of the trial court affirmatively reveals that his rights to counsel were explained to him, that the court offered to appoint counsel for him, and that he waived the benefit of counsel, that such records are conclu-

sive and that in the face thereof his allegations in the motion in the sentencing court and in the complaint in the habeas corpus action to the contrary do not raise any issues of fact which would entitle him to the right to produce testimony. It is also true that his complaint in the habeas corpus action does not negative the existence of such facts in the record of the sentencing court. According to the strict rules of pleading, it might be said that failing in this, his complaint failed to state facts sufficient to entitle him to proceed in habeas corpus.

The uninterrupted trend in judicial proceedings has been to liberalize pleadings; to look to substance rather than form. Especially has that been true in habeas corpus proceedings where in many instances the complaints are prepared by the petitioner himself while incarcerated in prison and without the aid or benefit of counsel. We have repeatedly entertained appeals in habeas corpus actions and ordered up records for inspection when the pleadings drawn by the petitioner himself were most sketchy and failed to comply with the most elementary rules of pleading. This has also been the practice in the Supreme Court.

No doubt, petitioner in this case was ignorant and devoid of any acquaintance with legal procedure and with the requirements of good pleading. If the records in the trial court are such that they clearly show that there was indeed no issue of fact which entitled petitioner to be present at the trial, respondent, represented by the long and powerful arm of the Government, could easily have obtained that information and should be required to set it out in his response to the application for the writ.

In Number 3954—Barrett v. Hunter, I would reverse and remand with directions to determine the issues.

I concur in the opinion in Number 3978 —Rutledge v. Hunter, but base my concurrence on the sole ground that petitioner has not exhausted his administrative remedy under Section 2255 by failing to appeal or attempting to appeal from the decision of the trial court.