## WOODS v. UNITED STATES.

### No. 4560.

United States Court of Appeals
Tenth Circuit.

Jan. 21, 1953.

Harper L. Abbot, Denver, Colo., for appellant.

Eugene W. Davis, U. S. Atty., and Robert H. Bingham, Asst. U. S. Atty., Topeka, Kan., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the United States District Court for the District of Kansas quashing a writ of habeas corpus. Petitioner is confined in the United States Penitentiary at Leavenworth, Kansas, where he has been serving three different sentences imposed against him. On March 9, 1944, the petitioner was convicted for a violation of the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 311, now Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462, and was sentenced to serve a term of five years. He was later conditionally released on parole and while on parole was convicted in the United States District Court for the Western District of Missouri for a violation of 18 U.S.C.A. § 409, now § 659, and sentenced to be imprisoned for a term of five years. Thereafter, while confined, the petitioner was convicted of the crime of attempted escape, and was sentenced to serve a term of six months, which sentence was to run con-

secutively with the sentence that was then being served. The parole under the first sentence was revoked by the Parole Board and it was ordered that the defendant serve the time that remained under his first sentence and that he forfeit the good time he had earned.

■■ The petition is limited to an attack on the first conviction. It is alleged that this judgment and sentence is void because the petitioner was not afforded the constitutional protection to which he was entitled, and that he should now be released because he has served the last two sentences. 28 U.S.C.A. § 2255 provides that "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Petitioner has not applied for relief under Section 2255. The purpose of Section 2255 was to require that proceedings to test the validity of the detention of a prisoner be brought in the court where the sentence was pronounced, unless it appeared that the prisoner could not obtain adequate and effective relief there. If the petitioner is entitled to any relief it may be obtained under Section 2255. Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965.

Judgment is affirmed.